# TABLE OF CONTENT

**Table of Authorities……………………………………**

Jurisdiction……………………………………………………………………….1

Statement of the issues presented………………….……………..1 to 7

Table of Authorities………………………………….. (i) (ii) (iii) (iv) (v) (vi)

ISSUES

1.Whether the District Court applied Fed. R. Civ. 56 Summary Judgment Standard to a Fed. R. Civ. P 12 (b) (6) motion to dismiss proceedings without summary judgment discovery for Plaintiff……1

*Relevant Case Law for the Following Issue*: (*Banca Popolares Di Novara v. Manufacturers and Traders Trust Company)…………..…1*

2. Whether the District Court misapplied the Maryland rule of law in ruling, as a matter of law, based primarily on one Maryland case, *Jacques v. First Nat'l Bank of Md*., 307 Md. 527,534, 515 A. 2d 756, 759 ( 1986), that Appellant's tort claims Were deficient as a matter of law because they derived from a breach of contract claims ………………………………………………………..2

3. Breach of Contract: Whether the court's decision that the complaint's factual allegations were insufficient to state a claim for breach of contract upon which Relief could be granted in view of the undisputed material facts;

(i) The parties contract provided for lender's force place insurance (LPI) only when there was no coverage;(ii) Appellant maintained non-lapsed sufficient voluntary coverage, (iii) the contract permits only coverage for Appellee's protection; Appellee secured two Additional Named Insurance Certificates for Appellant's personal and real property ONLY ( "Additional Certificates"); (iv) the combined yearly premium for the coverage was 17 times more than Appellant's like voluntary coverage, (v) the premiums were charged to Appellant's Home Equity Account with Appellee's Bank?........................................4

4. Implied Covenant of Good Faith and Fair Dealing Based on the above undisputed material facts, whether the District Court erred in not deciding whether Appellee breached the Implied Covenant of good faith and fair dealing, under Maryland UCC Sec. 1-304 to reasonable exercise discretionary authority under the contract which obligated Appellee, when necessary, to obtain coverage at a Reasonable commercial ate?...............................................................................3-4
(Similar Case: *Ray Williams et al v. Wells Fargo*).....................4

5. Contract manipulation: Whether the court erred in overlooking and not addressing the primary issues in the case, as in all Lender Force Place Insurance Litigation, *Williams*, supra, at pg#20., " In the present action, Plaintiff- ( Appellant)- ("is") not challenging the Bank's rights to impose forced place insurance policies. Instead the issue is whether Wells Fargo (Appellee) has been unjustly enriched by manipulating the Forced placed insurance process so as to obtain kickbacks for profit sharing with QBE, and whether by doing so, it has violated its duty of good faith and fair dealing under the contract."?...................................................................4

6. Contract analysis: Whether the court erred in not applying the judicially required contract analysis for the ambiguous and unambiguous terms of the contract for a determination of a breach of contract by either Appellee or Appellant? .........................................................................5
7. Application of the improper standard of review: Whether the District Court erred by considering 70 pages of (Extraneous Evidence), over Appellant's objection and against Appellant's motion for conversion, to decide a Fed. R. Civ. P. 12 (b) (6) motion under Rule 56 summary judgment standards……………………………………………………………………………5

8. Denial of motion for conversion is an abuse of discretion: Whether the District Court abused its discretion in denying Appellant's motion for conversion of the rule 12 (b) (6) motion for a Rule 6 Summary Judgment proceedings, where Appellee had presented extraneous evidence ( documents) exclusively in the dominion and control of Appellee, which were not authenticated as business records under Fed. R. Civ.803 (b) (6) or Public Records under Fed.R. Civ 803 (8), to be used in a motion to dismiss without providing Appellant limited discovery as requested by motion and supporting memorandum?...................................................................5-6

9. Damages: Whether the District Court erred in deciding Appellant suffered no monetary damages based on (i) incremental and incomplete financial statements of Appellant's Home Equity Loan Statement,(ii) a revised Home Equity Loan Statement that omits reference to reimbursement of $7,844.30 and interest and principal payments on the LPI; (iii) Cassity's Affidavit claiming

reimbursement of Appellant's LPI related payments as to the LPI policies without identifying the polices by Policy Number and falsely stating that the LPI Policies were for Appellee's collateral protection, (iii) without evidence that Appellant was ever reimbursed for principal and interest payments on the LPI.?.........................................................6

B. Statement of the case…………………………………..…………………..6-7

Contract analysis……………………………………………………………………..…9

The Good Faith Covenant do not question or place limitations on the following……………………………………………………10

Good Faith Covenant takes into consideration the Undisputed Facts that Demonstrates bad faith dealing or lack of good faith dealing: The undisputed facts are……………………………….10-13

Case Similarities and Dissimilarities:

Williams v. Wells Fargo is synonymous with Cannon v. Wells Fargo, in law, facts and allegations…………………………….13 to14

Covenant Claims……..……………………………………………………..………..14

Conversion.........................................................................14

C. STATEMENT OF FACTS………………………14 to 15

D. SUMMARY OF ARGUMENT……………………………........15

Policies Ambiguous terms………………………………………………………..18

For Appellant's Personal and real property protection only………..18

Premium payments:....................................................................18

The Incremental Fragments are.......................................................18

(Extraneous ) Evidence:..................................................................21

No Contract Analysis......................................................................24

Statement Regarding Oral Argument Findings of Fact and

Conclusions of Law..........................................................................24

Cancellation notice:..........................................................................24

Undisputed Fact: The Policy was substituted from residential

to Commercial.....................................................................................24

Damages.............................................................................................25

Sweeping basis for dismissal of all counts:........................................26

Court Ruling at oral argument.........................................................26

Count one and two breach of contract.............................................26

"Special Circumstances" ( Unique Circumstances")...........................28

Contract manipulation.......................................................................31

Count three: Fraud.............................................................................34

Count six: Fraudulent Concealment; Dismissed.................................35

Count Seven : Common Law Fraud;....................................................38

The Fraud Allegations are sufficient:.................................................39

Count Seven; Breach of Fiduciary Duty:............................................40

Count Eight: Unjust Enrichment……………………………………………………41

Amended Contract Allegations of Unjust Enrichment………………….42

Unjust Enrichment Transaction took place outside the contract…43

Contradiction:…………………………………………………………………………. 44

Melissa Cassity's Affidavit is false:…………………………………………..44

Servicer of the Loan……………………………………………………………….45

ORAL ARGUMENT……………………………………………………………………….45

Count Nine; Court Ruling:……………………………………………………..46

Count Ten, Negligence and Negligent Misrepresentation;………….47

Maryland Consumer Protection Law………………………………………..49

ARGUMENT

Issue one:…………………………………………………………………………………54

Issue two…………………………………………………………………………………54

Issue three…………………………………………………………………………………54

Issue four:…………………………………………………………………………………54

Issue five…………………………………………………………………………………55

Issue six…………………………………………………………………………………..55

Issue seven………………………………………………………………………………..55

Issue eight………………………………………………………………………………..56

Appellant's Fraud Claims…………………………………………………………83

Appelant's Negligent Claims…………………………………………………….67

Judicial Confusion as to the Appellee's fraudulent scheme:…………………58

STANDAND OF REVIEW………………………………………59

Contested Unauthenticated Documents………………………………………………62

E. DISCUSSION OF ISSUES…………………………………………………………62

Breach of Implied Covenant of Good Faith and Fair Dealing…………………62

Good faith " Good Faith and Fair Dealing Clause in Every Contract……..62

Good faith obligation may not be disclaimed……………………………………63

Issue of Material Disputed Fact for the Jury whether Appellee acted……63

In bad faith under the contract…………………………………………………………63

Surprised Documents; Notice of Cancellation…………………………………………………………………………………65

Damages………………………………………………………………………………………68

Count Ten-Common Law Negligent Claim……………………………………………73

All Fraud based Claims………………………………………………………………….74

Fraudulent concealment……………………………………………………………………75

Conclusion………………………………………………………………………………………76

Certificate of Compliance…………………………………………………………………77

Certificate of Service………………………………………………………………………..78

# AUTHORITIES

*Cases*

Allstate Ins. Co v. Warns, 2012 WL 681972 at* (D. Md.Fed.2012)…

Alleco v. Harry & Jeanette Weinberg Foundation, Inc., 240 M. 176,665 A. 1038 (1985)……………………..….…………30,38,74

Amaker v. Weiner, 179 F 3d 48, 50 (2d. Cir. 2002)………………..…56,64

Anheuser-Bush v. Schmoke, 63 F. 3d 1312 (4th Cir. 1995)…………60

***Arnett v, Bank of America, N.A. and BAC Home Loans Services, L.P U.S. District Court of Oregon CA#2:11-cv-01372-S1 Opinion Order of Honorable Judge Simon pg 16 to 21…**………………33

Ashcroft v. Iqbal, 129 S.Ct 1937, 1949 (2000) . ……………………..59

* ***Banca Popolare Novara v. Manufacturers and Trade Trust Company Maryland Fed. District Court*** CA ELH-11-736 ( August 26,2011.)…………………………………………………………….………1,7,40,49

Banker's Trust Co. v. International Trust Co. et al., 113 P.2d 656, 664 (Colo. 1941)…………………………………………….37

Bell Atl. Corp. v Towmbly, 550 U.S. 544,570………………………59,60

Best v. U.S. Nat. Bank of Oregon, 303 Or 557 (1987)…………….33,64

CACI Int' v. St Paul Fire & Marine Ins. Co., 566 F 3d 150,154 (4th Cir. 2009)…………………………………………………………………………..61,64

Chambers v. Time Warner, Inc., 282 F 3d 147, 154 (2d Cir. 2002)……………………………………………………………………………….65

Darcar Motors of Silver Spring, Inc. v. Borzm 379 Md. 249, 841 A. 2d 828 (2004)…………………………………………………………..………47

East River Steamship v Transamerica Delaval 476 U.S. 858………47,48,70,71

Edward v. City of Goldsboro, 178 F 3d 231, 243 (4th. Cir 1999)…………………………………………………………………….…….……..…,60

e.g.Banker's Trust Co. v International Trust Co. et al', 113 P. 2d 655,664 (Colo. 1941)……………………………………………………54

E.G, Fox v. Dynamark Sec. Ctrs, Inc., 885 F.2d 864,*3 9 4th.Cir. 19890……….74

e.g., Gonzalez v. Kay, 577 F 3d 600 (5th Cir. 2009)………….……59

E.G., Julian v. Christopher, 320 Md. 1, 575 A. 2d 735, 739 (1990)……61

E.I du Pont de Nemours & Co. v. Kolon Indus 637 F 3d Indus R 448-49 (4TH Cir.2011)……………………………………………....55,64

Everhart v. Miles 47 Md. App.131,136, 422 A. 2d 28,31 (1080)……………………………………………………………………………………41

Fegeas v. Sherrill 218 Md. 472, 476-77, 147 A . 2d 223,225 (1958)…35

Flower v. Benton, 229 Md. 571, 582, 185 A. 2d 344, 351 (1962)…………………………………………………………………..………..……36

Francis O. Day Co. v. Montgomery County 102 Md. App. 514, 521 A 2d 303, 306 (1994)…………………………..……………...41

Friedle v. City of New York, 201 F 3d 79,84-84 ( 2d Cir.2000)……………..…55,64

Global Network Communications, Inc., v . City of New York, et al

458 F 3d 150……………………………………………………………………………..14

Gonzales v. Kay, 577 F 3d 600,603 (5th Cir 2009)……………………………69

Goldman v. Belden 754 F 2d 1059, 1066 (2d Cir 1985)…………………………..………………………………………………..…………56,64

20,81

Harrington v. State Farm Fire & Gas Co.563 F3d 141,147 (5th Cir.2009)..59

Herbert, et al., v. Graves 877 F. 2d 267………………………………………………..75

Harrison v. Westinghouse Savannah River, Co. 176 F.3d 776,

783-84 (4th Cir 1999)…….………………………………………………..……………..…73

United State Court of Appeals of the Fourth Circuit (4th Cir. No# 88-3826 June 8, 1989)………………………………… ……………………………………………75

***In re Checking Account Overdraft Litig*., No. 09-MD-02036, 2011**

**WL 2746171.at* 7 ( S.D. Fl July 13, 2011. ("In re checking .II")…………………………………………………………………..…………57**

Jacques v, First Nat'l Bank of Md. , 307 Md. 527, 34, 151 A. 2d. 756,

759 (1986)…………………………………..……………….1,2,7,8,9,26,27,40,54

J.A.M. Assocs v. Western World Inc. Co., Inc. 95 Md. App. 695

622 A. 2d 818 (1993)……………………………………………………………..37

Kendall v. Nationwide Insurance Company 702 A. 2d 767

(Md. 1997) at 768,771;773……………………………………………………………31

King v. Bankerd , 303 Md. 98, 110-11 , 492 A 2d 608,614………………..67

Kramer v. Time Warner Inc., 937 F 2d 767-773- at (774)……………….56

Lubore v. RPM Assocs., Inc., 109 Md. App 323, 330-31,

674 A 2d 547, 556 (1996)……………………………………………………………76

Lum v. Bank of America, 361 F 3d 217, 222 n.3 (3rd Cir. 2004)………..56

Martinez v. Wells Fargo Home Mortg., Inc, 598 F.2d 549 (9th. Cir.2010)………………………………………………………………………………12

Mesmer v.Md. Auto. Ins. Fund 353 Md .241,252,725 A 2d.1058 (1999)………………………………………………………………………………….9

O' Callaghan v. District of Columbia, 741 F Supp. 273, 279

(D.D.C 1990)……………………………………………………………………………..46

Parker v. Columbia Bank 91 Md. App. 346, at 369,604 A.2d at 532……………………………………………………………………………..28,62

Schultz v. Bank of America 990 A 2d 1078 ( Md. 2010) at 1085………………………………………………………………………………..2,8

Sec'y of State for Defense v. Trimble Navigation Ltd., 484 F 3d 700, 704

(4th Cir. 2007)…………………………………………………………………..61,64

Sheets v Brethern Mut. Ins., 342 Md 634, 656, 679 A 2d 540 (1996)……………………………………………………………………………………73

State Farm and Gas Co. v. Metropolitan Dad County,

639 So 2d 63 ( Fla 3rd DCA 1984)……………………………………………….51

Taylor v. Equitable Trust Co. 269 Md. 149, 155-56, 304 A 2d 838-42 (1973)…………………………………………………………………….………2,8,30

Weisman v. Connors 312 Md. 428,44,540 A. 2d 783,791 (1988)………………………………………………………………..……………..…48

Williams v. Wells Fargo Bank, N.A. Fla. Fed. District Court 11-21233-CIV-Altonagra (J A 0173,74)….4,12,13,14,50

Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F 2d 1515,1512 (9th Cit. 1983)…………………………………………….38

CITATION OF AUTHORITIES

Action in Maryland Sec.#3-209 A, at 436 (4th ed. 2008)……....60

Oaul Mark Sandle & James K Archibald,Pleading Causes of Action in Maryland…………………………………………………………………..40

Federal Statutes:

Title 15 U.S.C. Sec 1601………………………………………………….1

Title 15 U.S.C Sec 1640…………………………………………………..1

Title 28 U.S.C. Sec 1331…………………………………….……………1

Title 28 U.S.C Sec 1332……………………………………...……………..1

Federal Rules of Civil Procedure (F.R.Civ. P)

F.R. Civ. Rule 8 (a) (2)……………………………………..48,59,60,73

F.R.Civ. P Rule 9 (b)……………………..30,34,39,48,52,56,58,69

F.R. Civ.P Rule 12 (b) (6)…1,5,14,15,16,22,37,48,53,55,56,59,60,61,73,74

F.R. Civ.P Rule 56……………………………………5,15,22,37,56,59,60,61

F.R. Civ. 803 (b) (6 ) F.R.Civ . 803 (8)………………………………………………………………5,26

State of Maryland Statutes and Regulations:

Maryland Uniform Commercial Code (MD UCC)

Md. UCC 1-201…………………………………………………..62

Md. UCC 3-404…………………………………………………..49

Md. UCC 1-302…………………………………………………..62

Md. UCC 1-304…………………………………………………..4

Md. UCC 3-103…………………………………………………8,62

Md. UCC 3-203 (b)……………………………………………..49

Md. UCC 4-103 (a)…………………………………………..2,62